IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JENNY FAY BAKEWELL, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:04-CV-3538-JOF |
| FEDERAL FINANCIAL | : |
| GROUP, INC., | : |
| | : |
| Defendant. | : |

## OPINION AND ORDER

This matter is before the court on Plaintiff's motion to dismiss Defendant's counterclaim [12].

**I.   Statement of the Case**

On December 6, 2004, Plaintiff, Jenny Fay Bakewell, filed this action against Defendant, Federal Financial Group, Inc., for violation of the Federal Fair Debt Collection Practices Act ("FDCPA"). After a default was entered and subsequently set aside, Defendant filed an answer to the complaint and also filed a counterclaim against Plaintiff on July 7, 2005. On July 31, 2005, Plaintiff filed a motion to dismiss Defendant's counterclaim.

This case arises out of Plaintiff's allegations that Defendant, which is in the business of collecting debts, communicated in a fashion that violates the FDCPA. Cmplt., ¶¶ 11, 16.

On June 9, 2004, Plaintiff sent a letter to Defendant requesting that Defendant cease calling Plaintiff. Cmplt., ¶ 18. Defendant continued to contact Plaintiff by telephone. Cmplt., ¶ 19. On June 18, 2004, Plaintiff sent another letter by certified mail requesting that Defendant cease communicating with Defendant by telephone; the letter sent by certified mail was delivered on June 25, 2004. Cmplt., ¶¶ 20-22. After the June 18 letter, Defendant continued to try to contact Plaintiff by means of the telephone. Defendant contacted Plaintiff six times and attempted to contact Plaintiff an additional nine times after the Plaintiff's initial letter. Cmplt., ¶¶ 23-24.

In Defendant's counterclaim it seeks to recover from Plaintiff for money allegedly due on an account. Answer, ¶¶ 1-5. On June 18, 2004, Defendant purchased certain credit card accounts held in the name of Plaintiff. Answer, ¶ 2. According to Defendant, Plaintiff has failed to make any payments to Defendant pursuant to the account as of July 5, 2005. Answer, ¶ 3. In its counterclaim Defendant is seeking the total outstanding amount due by Plaintiff plus pre-judgment interest. Answer, ¶¶ 4-5.

**II.   Discussion**

Plaintiff moves to dismiss Defendant's counterclaim on the grounds that this court lacks subject matter jurisdiction. Federal district courts have original jurisdiction over all civil actions either "arising under the Constitution, laws, or treaties of the United States" or where complete diversity of citizenship exists and the matter in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The court has original jurisdiction over Plaintiff's claims under the

2

FDCPA because these claims arise under federal law. However, this court does not have original jurisdiction over Defendant's counterclaim for suit on the account either under 28 U.S.C. § 1331 or § 1332 because such claim arises under state law and because there is a lack of complete diversity between the parties.

Despite the lack of original subject matter jurisdiction over the counterclaim, the court must consider whether it shall exercise supplemental jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1367. The court's analysis of supplemental jurisdiction is governed by 28 U.S.C. § 1367 ("§ 1367"), enacted in 1990, which "codifies the concepts previously known as pendent and ancillary jurisdiction." *Palmer v. Hospital Auth. of Randolph County*, 22 F.3d 1559, 1563 (11th Cir. 1994); see also *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996 ) (per curiam) ("The presence of supplemental jurisdiction is governed by 28 U.S.C. § 1367."). Subsection (a) provides that except as provided under subsections (b) or (c), when the district court has original jurisdiction over one claim, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Subsection (a) thus delineates the power of a federal court to hear supplemental claims. *Hudson*, 90 F.3d at 455; *Palmer*, 22 F.3d at 1566; see also *Lucero v. Trosch*, 121 F.3d 591, 597 ( 11th Cir. 1997). To this end, "[t]he constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with

3

a substantial federal claim." *Lucero*, 121 F.3d at 597; *accord Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Fla.*, 177 F.3d 1212, 1223 (11th Cir. 1999), *cert. denied*, 529 U.S. 1018 (2000).

Prior to the 1990 enactment of § 1367, federal courts did not have jurisdiction over permissive counterclaims absent an independent basis for federal subject matter jurisdiction. *See Channell v. Citicorp Nat'l Servs. Inc.,* 89 F.3d 379, 384 (7th Cir. 1996). Since the enactment of § 1367, at least two circuits have held that a federal court may exercise supplemental jurisdiction over certain permissive counterclaims. *See Channell,* 89 F.3d at 384; *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 212-13 (2d Cir. 2004). Both the Second and Seventh Circuits reason that supplemental jurisdiction should be determined by the language of § 1367, such that jurisdiction exists when the state counterclaim and the federal claim are "so related . . . that they form part of the same case or controversy under Article III of the United States Constitution." Following this line of reasoning, compulsory counterclaims by definition "form part of the same case or controversy" because they "arise out of the same transaction or occurrence," and, therefore, supplemental jurisdiction over compulsory counterclaims is proper.

The more difficult issue is whether a permissive counterclaim also can "form part of the same case or controversy" even though it does not "arise from the same transaction or occurrence" as plaintiff's claim. The test for supplemental jurisdiction under § 1367 appears to be broad enough to encompass some permissive counterclaims. "[J]ust because a state law

4

claim does not arise out of the same transaction or occurrence as the federal law claim does not mean that the state law claim does not arise out of facts that bear some relationship to the facts from which the federal claim arises so that the state claim and the federal claim are considered part of the same constitutional case." *See Sparrow v. Mazda American Credit*, 385 F. Supp. 2d 1063, 1067 (E.D. Cal. 2005) (citing *Ammerman v. Sween,* 54 F.3d 423, 424 (7th Cir.1995) (holding that § 1367 requires a loose factual connection between the claims")). While it appears that the Eleventh Circuit has not addressed the issue, this court agrees with the Second and Seventh Circuit that it may exercise supplemental jurisdiction over some permissive counterclaims.

Under the above analysis it may no longer be necessary to determine if the counterclaim is compulsory or permissive; rather, it may be permissible just to analyze whether the counterclaim bears a loose factual connection to Plaintiff's FDCPA claim. This court, however, finds it more appropriate to determine first if the counterclaim is compulsory or permissive because if the counterclaim is compulsory, no further analysis is necessary; this court has supplemental jurisdiction over such counterclaim. If the court concludes that the counterclaim is permissive, it can then determine whether supplemental jurisdiction exists under § 1367(a) and whether it should exercise its discretion under § 1367(c) to decline to assert supplemental jurisdiction.

As noted above, a counterclaim is compulsory if it "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a).

The test the court uses to determine whether the claim and counterclaim arise from the same transaction or occurrence is the "logical relationship" test. *See Republic Health Corp. v. Lifemark Hospitals,* 755 F.2d 1453, 1455 (11th Cir. 1985); *see also U.S. v. Aronson,* 617 F.2d 119, 121 (5th Cir. 1980); *Revere Copper & Brass, Inc. v. Aetna Casualty & Surety Co.,* 426 F.2d 709, 714 (5th Cir. 1970); and *Montgomery Ward Development Corp. v. Juster,* 932 F.2d 1378 (11th Cir.1991) ("every compulsory counterclaim must necessarily pass the 'logical relationship' test"). Under that test, a logical relationship exists when "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant." *See Plant v. Blazer Financial Services, Inc. of Georgia*, 598 F.2d 1357, 1361 (5th Cir. 1979). This test is a loose standard, which permits a "broad realistic interpretation in the interest of avoiding a multiplicity of suits." *See U.S. v. Amtreco, Inc.,* 790 F. Supp. 1576, 1580 (M.D. Ga.1992) (quoting *Plant* at 598 F.2d at 1361).

Plaintiff argues that Defendant's counterclaim is not compulsory because the contract at issue in the counterclaim did not arise from Defendant's debt collection practices. Defendant contends that the counterclaim is compulsory because both claims arise from the unpaid debt owed by Plaintiff.

In *Hart,* the United States District Court for the District of Arizona was presented with the same issue as is presented by the motion under consideration by this court and found that "every published decision directly addressing the issue in this case has found that FDCPA

6

lawsuits and lawsuits arising from the underlying contractual debt are *not* compulsory counterclaims." *Hart v. Clayton-Parker and Associates, Inc.*, 869 F. Supp. 774, 777 (D. Ariz. 1994) (emphasis in the original).  The court reasoned that such counterclaims are permissive because "plaintiff's FDCPA claim relates to the alleged use of abusive debt collection practices, while defendant's counterclaim 'encompasses a private duty under state law [requiring] a broad proof of facts establishing the existence and performance of a contract, the validity of the contract's provisions, a breach of the contract by the plaintiff and monetary damages resulting from the breach.'" *Id*. (quoting *Leatherwood v. Universal Business Service Co.,* 115 F.R.D. 48, 49 (W.D.N.Y.1987)).  Finding the reasoning in *Hart* persuasive, this court also concludes that Defendant's counterclaim for suit on account is not a compulsory counterclaim but rather is permissive.

Defendant has made no argument or offered any case law to show that the court has supplemental jurisdiction over permissive counterclaims such as the one it has asserted. Nevertheless, the court acknowledges that as long as a counterclaim is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," the court has supplemental jurisdiction.  28 U.S.C. § 1367(a).  Thus, there will be some permissive counterclaims over which the court has supplemental jurisdiction and some it does not. The standard for asserting supplemental jurisdiction is broader than the standard for determining a counterclaim to be compulsory.  Specifically, a counterclaim must "arise out of the transaction or occurrence

7

that is the subject matter of the opposing party's claim" to be considered compulsory, while the counterclaim only must be "related to claims in the action" to fall under the supplemental jurisdiction umbrella. Fed. R. Civ. P. 13(a); 28 U.S.C. § 1367(a).

Courts are divided concerning the issue of whether a claim under the FDCPA and a claim for the underlying debt arise under a "common nucleus of operative fact." *Compare Sparrow*, 385 F. Supp. 2d. at 1070; *Ayers v. National Credit Management Corp.*, 1991 WL 66845 *3 (E.D. Pa. 1991). Like *Sparrow*, this court finds that Plaintiff's FDCPA claim and Defendant's claim for the underlying debt arise under a "common nucleus of operative fact." Therefore, the court has supplemental jurisdiction over Defendant's counterclaim.

However, even when supplemental jurisdiction exists over Defendant's counterclaim under § 1367(a), the court has discretion under § 1367(c) to decline to exercise such jurisdiction in one of four situations:

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

8

> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(C).

Here, the court, in its discretion, chooses not to decline supplemental jurisdiction under 1367(C). The court finds that Defendant's claim for the underlying debt does not raise novel or complex issues of state law. Also Defendant's claim is not so complex or huge that it will predominate over Plaintiff's FDCPA claim. Further, this court has not dismissed the claim under which it has original jurisdiction, namely the FDCPA claim.

The only subsection under which this court could exercise its discretion to not hear Defendant's claim on the underlying debt is 1367(C)(4). While some courts have exercised their discretion and declined to assert supplemental jurisdiction over claims for underlying debt in FDCPA cases citing public policy reasons, this court declines to follow this course of action. The court finds that there are also public policy reasons for allowing both claims under one suit. First, it is inherently more efficient to deal with both matters in one consolidated action. Second, to bar Defendant's counterclaim would be to favor one litigant's claim over another, a practice courts should not engage in. Therefore, the court declines to exercise its discretion under 1367(C) and not to hear Defendant's counterclaim. As such, the court DENIES Plaintiff's motion to dismiss.

### III. Conclusion

The court DENIES Plaintiff's motion to dismiss Defendant's counterclaim [12].

9

**IT IS SO ORDERED** this 21st day of March 2006.

                                                                     s/ J. Owen Forrester
                                                                        J. OWEN FORRESTER
                                           SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)