**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

JENNY FAY BAKEWELL,                  :
                                     :
          Plaintiff,                 :
                                     :
     v.                              :     CIVIL ACTION NO.
                                     :     1:04-CV-3538-JOF
FEDERAL FINANCIAL GROUP, INC.,       :
                                     :
          Defendant.                 :
                                     :

<u>**OPINION AND ORDER**</u>

This matter is before the court on Plaintiff's motion for summary judgment on Defendant's counterclaim [22-1], Plaintiff's motion for partial summary judgment as to liability on Plaintiff's complaint [22-2] and motion to withdraw Andrea Kauffman as attorney for the defendant [34].

**I.      Background**

**A.      Procedural History**

On December 6, 2004, Plaintiff, Jenny Fay Bakewell, filed suit against Defendant, Federal Financial Group, Inc., alleging violations of the Fair Debt Collections Practices Act (hereinafter "FDCPA"). On March 17, 2006, Plaintiff filed a motion for summary judgment on Defendant's counterclaim and a motion for partial summary judgment as to liability on the

Plaintiff's complaint.   On September 7, 2006, Andrea M. Kauffman and Berman Fink Van Horn, P.C., filed a motion to withdraw as Defendant's counsel in this matter.   Defendant has not filed a response in opposition to the withdrawal.

### B.   Facts

Defendant is a business that collects debts that it purchases from other companies. Statement of Undisputed Facts ¶ 1.   Defendant purchases debts that are credit card debt, store card debt, and bank paper from third parties.   *Id.* ¶ 3.

On June 18, 2003, Defendant purchased a debt from Eagle Credit Resources.   (Jordan Depo. at 13).   Plaintiff 's name was the name on the debt.   After acquiring the debt, Defendant entered the debt into its system and sent a communication to Plaintiff within one day of entering it into the system.   (Jordan Depo. at 19.)   Defendant began contacting Plaintiff by telephone in late 2003 or early 2004. (Bakewell Depo. at 46-47).   Plaintiff sent Defendant a letter dated June 9, 2004, informing Defendant that Plaintiff had not received any mail from Defendant regarding the debt and directing Defendant to "cease phone communication."   (Mot. for Summary Judgment Exh. A).   Plaintiff sent Defendant a second letter dated June 18, 2004, via certified mail, again informing Defendant to stop calling her.   (Mot. for Summary Judgment Exh. B).   Despite these letters, there continued to be telephone communications between the two parties.   Defendant sent two letters to Plaintiff on July 1 and July 26, 2004. The second letter contained the following language:

You have ten (10) days from the date of this letter to contact this office in order to make arrangements to settle this debt voluntarily.

If you do not contact our offices within this time period, FFGI [Defendant] will assume that you have no intention of settling this account without legal action being taken against you, and will act accordingly.

(Mot. for Summary Judgment Exh. E).

### C.    Contentions

Plaintiff contends that she is entitled to summary judgment on Defendant's counterclaim for suit on an account. Plaintiff avers that Defendant has failed to show that it had valid title to an account on which Plaintiff owed money. Plaintiff also claims that she is entitled to partial summary judgment as to liability on the complaint under the FDCPA. Specifically, Plaintiff contends that this court should find that as a matter of law Defendant violated section 1692e(5) and 1692e(10) of the FDCPA by threatening in its letters to take legal action which it never intended to take. Plaintiff claims that Defendant violated section 1692c(c) of the FDCPA when it continued to contact Plaintiff by telephone after she had informed Defendant in writing that it should cease telephone communication. Plaintiff argues that Defendant's letters violated section 1692e(11) and 1692g of the FDCPA as the letters failed to contain mandatory language required by the FDCPA. Finally, Plaintiff contends that Defendant violated section 1692e(4) of the FDCPA when its employee threatened to garnish the wages of her husband should she fail to pay sums owed.

3

Defendant claims that as Plaintiff in her own testimony admits that she owes the debt for which it is suing, there is an issue of material fact as to its counterclaim. Further, Defendant contends that the letter which Plaintiff contends threatens legal action is open to several interpretations. With regard to plaintiff's claim under section 1692c(c), Defendant argues that there is some evidence that Plaintiff contacted Defendant and that it should not be liable for returning her telephone calls. Regarding Plaintiff's section 1692e(11) and 1692g claim, Defendant argues that there is a material issue of fact about whether the letters sent in July 2004 were in fact the first communications sent by Defendant to Plaintiff. Finally, in reference to Plaintiff's claim under section 1692e(4) of the FDCPA, Defendant contends that as its computer records do not indicate any such statements by its employee, there is a material issue of fact precluding summary judgment.

## II.    Discussion

### A.    Motion to Withdraw

The court finds that the notice to withdraw complies with the requirements of this court's Local Rule 83.1(E) and is unopposed. Therefore, the court GRANTS the motion to withdraw Andrea Kauffman and Berman Fink Van Horn, P.C., as attorney for Defendant [34].

The court notes, as also indicated by Andrea M. Kauffman in her notice to withdraw, that a corporation may be represented in court only by an attorney. A corporate officer may not represent the corporation in court unless the officer is also an attorney licensed to

4

practice law in the state of Georgia.  Failure to comply with this rule can result in a default being entered against the corporate party.

Defendant is DIRECTED to notify the court within thirty (30) days of the date of this order of the name and contact information for its new counsel.  The court notes again that failure to obtain counsel for the corporate defendants can result in default being entered against the corporate party.

### B.    Defendant's Counterclaim

Plaintiff contends that she is entitled to summary judgment on Defendant's counterclaim for suit on account.  Plaintiff avers that Defendant has failed to produce evidence that it owns the debt of Plaintiff.  The only documentary evidence supporting such a claim is a document titled,  "Assignment and Bill of Sale" which seems to be a sale of an account from Eagle Credit Resources, LLC, to Defendant and which seems to include an account relating to Plaintiff.

Defendant responds contending that summary judgment is not appropriate relying on deposition testimony given by the Plaintiff and the deposition testimony of Ms. Jordan, Defendant's Chief Executive Officer.

The court finds that Plaintiff, throughout her motion for summary judgment, has never contended that she does not owe the debt on which Defendant brings a counterclaim.  In fact, twice during her deposition Plaintiff contends that she is not contending that she does not owe the debt and in fact admits to owing it and says she ceased to pay on it because she is now on

5

disability.   Plaintiff's contention is more a claim that Defendant has not produced sufficient evidence to prevail on its counterclaim.   While this may be true, Defendant has produced some evidence that it was owed a debt.   Thus, there is an issue of material fact.

Plaintiff has also raised an argument that as Defendant has not produced any evidence to show that the debt is less than four years past due, the court should grant summary judgment based on a statute of limitations defense.   Plaintiff raises its statute of limitations argument as an affirmative defense to Defendant's counterclaim.   In order for Plaintiff to prevail on such an affirmative defense on summary judgment, the burden is on Plaintiff to  show that the alleged debt occurred outside the applicable statute of limitations.   *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1292 (11th Cir. 2005).   Plaintiff has made no such showing.

For the aforementioned reasons, the court DENIES Plaintiff's motion for summary judgment on Defendant's counterclaim.

## C.    Threat of Legal Action

Defendant sent a letter to Plaintiff which contains the statement:   "If you do not contact our offices within this time period, [Defendant] will assume that you have no intention of settling this account without legal action being taken against you, and will act accordingly." Plaintiff contends that this language violated 15 U.S.C.A. § 1692e(5) and (10) by threatening to take legal action which Defendant never intended to take.   Section 1692e(5) and (10) provides:

6

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . . .

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

. . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

First, the parties disagree as to whether this language threatens legal action. The court can see two possible readings of this language. The crux of the matter centers on the interpretation of the statement that Defendant "will act accordingly."

Because this clause follows the assumption that Plaintiff has no intention of settling this account without legal action being taken against her, the court finds it plausible that this language intended to threaten to take legal action should Plaintiff fail to contact Defendant's office within the prescribed time period. However, the court also finds that it is plausible that this language might not threaten any specific action, legal or otherwise, but rather informs Plaintiff that should she fail to contact Defendant's office, Defendant will do something. This reading is buttressed by the fact that the letter does not say what Defendant will do but rather says that Defendant "will act accordingly."

Addressing section 1692e(5), the Eleventh Circuit found that where parties reasonably disagree about the interpretation of the language in debt collection letters, the trier of fact must resolve the disagreement rather than the court through summary judgment. *Jeter,* 760

7

F.2d at 1176.   Therefore, the court DENIES Plaintiff's motion for partial summary judgment as to liability on Plaintiff's complaint with regard to Plaintiff's claim under section 1692e(5) of the FDCPA.

Plaintiff also claims that Defendant violated section 1692e(10) by implying that Defendant would take legal action should Plaintiff fail to contact Defendant within the prescribed period even though it had no intention of taking such legal action.   "Under subsection (10), we must consider whether the 'least sophisticated consumer' would be deceived by [the debt collector's] letters . . . ."   *Jeter*, 760 F.2d at 1177.   As with the claim under subsection (5), this claim also should be presented to the trier of fact.   *Id.* at 1177-78 ("In any event, we are confident that whether the 'least sophisticated consumer' would construe [the debt collector's] letter as deceptive is a question for the jury.").   Therefore, the court DENIES Plaintiff's motion for partial summary judgment as to liability on Plaintiff's complaint with regard to Plaintiff's claim under section 1692e(10) of the FDCPA.

AO 72A
(Rev.8/82)

### D.    Telephone Communications

In her motion for summary judgment, Plaintiff contends that Defendant continued to contact Plaintiff by telephone after she had notified Defendant to cease further communications.   She states that these telephone calls violated section 1692c(c) of the FDCPA.

15 U.S.C. § 1692c(c) states:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except--
>> (1) to advise the consumer that the debt collector's further efforts are being terminated;
>> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

The court cannot find that Plaintiff is entitled to summary judgment on her 15 U.S.C. § 1692c(c) claim.   Upon reading Plaintiff's letters, the court cannot find that as a matter of law Plaintiff invoked the protection of this subsection.   First, Plaintiff does not tell Defendant that she refuses to pay the debt.   Moreover, in her letters, Plaintiff never tells Defendant to cease further communication.   Instead, she tries to limit Defendant's communications, seeking only written communications as opposed to phone calls.   Plaintiff has not provided and the court is not aware of any case law which allows a debtor through section 1692c(c) to limit the type of communications made by a debt collector.

9

Finally, even were the court to find that section 1692c(c) applies here as a matter of law, while there is abundant evidence that Defendant called Plaintiff several times after receiving both of her letters, Plaintiff has not shown the court the alleged purpose of these calls and has not shown the court that these telephone calls did not fall into one of the exceptions set forth in section 1692c(c).   Therefore, the court DENIES Plaintiff's motion for partial summary judgment as to liability on Plaintiff's complaint withe regard to her section 1692c(c) claim.

**E.      Warning Language**

In her motion for partial summary judgment, Plaintiff contends that she is entitled to summary judgment as to liability on her claims under 15 U.S.C. § 1692e(11) and 1692g.  She contends that Defendant only sent her two letters on July 1, 2004 and July 26, 2004.   She argues that neither letter contained specific language required by section 1692e(11) and 1692g.  Section 1692e(11) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.   Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>> . . . .
>>
>> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

10

15 U.S.C. § 1692g states:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>> (1) the amount of the debt;
>>
>> (2) the name of the creditor to whom the debt is owed;
>>
>> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>>
>> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>>
>> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Relying on the deposition testimony of Ms. Jordan, Defendant contends that it sent other communications prior to the two letters which Plaintiff references.

Although Defendant has produced no documentary evidence of letters sent to Plaintiff prior to the July 1, 2004 letter, the court finds that the deposition testimony raises an issue of material fact regarding whether the two letters referenced by Plaintiff constitute the initial communications between Defendant and Plaintiff.   Therefore, the court DENIES Plaintiff's motion for partial summary judgment as to liability on Plaintiff's complaint with regard to her FDCPA claim under section 1692e(11) and 1692g.

**F.      Garnishment of Wages**

11

Finally, Plaintiff claims that she is entitled to summary judgment on her FDCPA claim for relief under 15 U.S.C. § 1692e(4).   Plaintiff contends that Defendant's employee's threat to garnish the wages of Plaintiff's husband violates this statutory provision.

Section 1692e(4) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.   Without limiting the general application of the foregoing, the following conduct is a violation of this section:
. . . .
> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

Defendant denies that its employee made such a statement relying on its computer records which it contends reflect all communications between Defendant and Plaintiff.   Because Plaintiff is unable to remember when Defendant's employee issued such a threat and Defendant's computerized records do not reflect such a communication, the court finds that there is an issue of material fact regarding whether such a threat was made.   Therefore, the court DENIES Plaintiff's motion for partial summary judgment as to liability on Plaintiff's complaint with regard to her FDCPA claim under section 1692e(4).

## III.    Conclusion

The court DENIES Plaintiff's motion for summary judgment with regard to Defendant's counterclaim [22-1], DENIES Plaintiff's motion for partial summary judgment

AO 72A
(Rev.8/82)

as to liability on Plaintiff's complaint [22-2] and GRANTS the motion to withdraw Andrea Kauffman as attorney [34].

Defendant is DIRECTED to notify the court within thirty (30) days of the date of this order, of the name and contact information for its new counsel.  The court notes again that failure to obtain counsel for the corporate defendants can result in default being entered against the corporate party.

The court DIRECTS the parties to file a pretrial order within thirty (30) days from the date that Defendant notifies the court of the name and contact information for his new counsel.

**IT IS SO ORDERED** this 27th day of March 2007.

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

13

AO 72A
(Rev.8/82)