IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JENNY FAY BAKEWELL,           : | |
|     Plaintiff,           : | |
|           : | |
| v.           : | CIVIL ACTION NO. |
|           : | 1:04-CV-3538-JOF |
| FEDERAL FINANCIAL GROUP,           : | |
| INC.,           : | |
|     Defendant.           : | |

**OPINION AND ORDER**

    This case is before the court on its opinion and order of March 28, 2007 [35].

    On December 6, 2004, Plaintiff, Jenny Fay Bakewell, filed suit against Defendant, Federal Financial Group, Inc., alleging violations of the Fair Debt Collections Practices Act. A factual description of her claim is provided in the court's March 28, 2007 order. On September 7, 2006, Andrea M. Kauffman and Berman Fink Van Horn, P.C., filed a motion to withdraw as Defendant's counsel in this matter. This motion complied with all of the requirements of Local Rule 83.1(E) and was unopposed. Therefore, the court granted the motion to withdraw. In doing so, the court noted that a corporation may not represent itself in court, warned Defendant that failure to obtain an attorney could result in default, and directed Defendant to notify the court within thirty days of the name and contact information of its new counsel.

Defendant has not complied with the court's order and has not notified the court of new counsel. A corporation cannot represent itself in court without an attorney, and failure to comply with this rule can result in default being entering against the corporate party. *Bakewell v. Fed. Fin. Group, Inc.*, No. 1:04-CV-3538-JOF, 2007 U.S. Dist. LEXIS 22478, *5 (N.D. Ga. Mar. 28, 2007) (citing Local Rule 83.1(E)).[1] The court DIRECTS the Clerk of Court to enter DEFAULT against the Defendants. Although, Defendant Federal Financial Group, Inc., has defaulted, the Plaintiff does not automatically receive a default judgment. The court merely deems Defendant to have admitted all allegations in Plaintiff's complaint. Plaintiff must move the court for default judgment pursuant to Fed. R. Civ. P. 55. The court DIRECTS Plaintiff to move for default judgment on liability and damages within thirty (30) days. The court DIRECTS the Clerk of Court to resubmit the matter to the court at that time.

---

[1] "[A] corporation may only be represented in court by an attorney, [an] attorney must sign all pleadings submitted to the court, . . . a corporate officer may not represent the corporation in court unless that officer is also an attorney licensed to practice law in the state of Georgia, and . . . failure to comply with this rule could result in a default being entered against the corporate party . . . ." L.R. 83.1(E)(2)(B)(I) (N.D. Ga.).

2

**IT IS SO ORDERED** this 31st day of October 2007.

                                                s/ J. Owen Forrester
                                                J. OWEN FORRESTER
                              SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)